THE PEOPLE v. EDWARD O'NEIL.

[ See 65 N. W. Rep. 540. ]

CRIMINAL LAW—REHEARING ON APPLICATION OF PEOPLE.

Motion by prosecuting attorney of Eaton county for a rehearing, and for leave to correct bill of exceptions, so as to make it conform to the original notes of the stenographer as to the answer of a juror on his *voir dire* examination, his retention as a juror, after his answer as set forth in the bill of exceptions, having been held to be error.    Denied January 29, 1896.

*Fred A. Maynard,* Attorney General, and *Horace S. Maynard,* Prosecuting Attorney, for motion.

*Tarsney & Wicker, contra.*

The facts as shown by the record in the case and the affidavits of the stenographer and his assistant stenographers filed in support of the motion were:

a—That the respondent was convicted of a violation of the local option law in force in Eaton county, which conviction was reversed.

b—That among other errors assigned by the respondent was the retention of a juror, who on his voir dire examination, as shown by the bill of exceptions and printed record, in answer to the question "what his verdict would be if he found the testimony about equally balanced between the people and the respondent," replied, "I should think it would be guilty," which assignment was held well taken.

c—That the original notes of the official stenographer disclosed the fact, as shown by his affidavit, that the answer of said juror to said question was "I should think it would be acquittal."

d—That said stenographer read his notes to two assistant stenographers, who, for the purpose of expediting the furnishing of a transcript to the respondent's attorneys, divided the work of transcribing said notes as taken by them on said reading; that the press of business was so great that said stenographer did not have an opportunity to compare fully the transcript of the testimony as made by said assistants with his original notes; that when he read said original notes to said assistants he correctly read them; that one of said assistants in transcribing her notes transcribed the word "guilty" when it should have been by her notes "acquittal."

[An examination of the opinion found in 65 N. W. Rep. 540, would seem to show that the judgment was reversed for the

error of the trial court in retaining said juror. At the close of the opinion the Court say that "in view of a new trial we deem it proper to say that we think they (some of the remarks of the assistant prosecuting attorney in his closing argument to the jury) are the subject of just criticism, and ought not to be repeated." Whether or not had this been the *sole complaint* it would have been held reversible error may be an open question. EDITOR.)